IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ESTATE OF JEFFREY WEST, *et. al.* | ) |   |
|---|---|---|
| Plaintiffs, | ) |   |
| vs. | ) | CIVIL NO. 1:17-cv-291-CG-MU |
| JAILERS 1-5, MEDICAL PROFESSIONALS 1-10, and MEDICAL COMPANY | ) |   |
| Defendants. | ) |   |

## ORDER

This matter is before the Court on Plaintiffs Estate of Jeffrey West and Kim Ellis' ("Plaintiffs") Motion to Reopen Action (Doc. 33). Former Defendants, Sheriff Grover Smith and Escambia County have filed a Response in Opposition to the Plaintiff's Motion to Reopen Action (Doc. 34). For the reasons set forth herein, Plaintiffs' motion is due to be **GRANTED**.

**I. Factual Background**

On July 27, 2015, Jeffrey West ("West") was arrested on suspicion of property damage involving a telephone junction box. (Doc. 1 at ¶ 15). He was taken to the Escambia County jail and held as a pretrial detainee. (*Id*. at ¶¶ 16, 17). While in jail, West became ill and his condition deteriorated until July 13, 2015, when West was released from jail own his own recognizance. (*Id*. at ¶¶ 18, 28). Upon his release, West was taken to the Emergency Room at D.W. McMillan Hospital, but was transported later the same day to Baptist Hospital in Pensacola, Florida via

EMS transport. (*Id*. at ¶¶ 29, 31). West remained in the critical care unit at Baptist Hospital until he died on July 31, 2015. (*Id*. at ¶ 39).

**II. Procedural History**

On June 23, 2017, Plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983 and Alabama state law for deliberate indifference (Count I), failure to attend to a detainee's medical needs (Count II), failure to intervene where a detainee does not receive lifesaving medical care (Count III), a violation of the Open Records Act (Count IV), outrage (Count V), and a violation of the Alabama Medical Liability Act (Count VI). (Doc. 1). Plaintiffs named as Defendants, Sheriff Grover Smith ("Smith"), Escambia County ("the County"), and numerous fictitious parties described as: Jailers 1-5, Medical Professionals 1-10, and Medical Company. (*Id*.) Plaintiffs contend they made multiple attempts to learn the identity of the fictitious defendants. (*Id*. at 7-12).

On July 19, 2017, Smith filed a Motion to Dismiss for lack of jurisdiction (Doc. 10) and the County filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (Doc. 13). The Preliminary Scheduling Order was entered on August 1, 2017 (Doc. 18) and on August 9, 2017, Smith and the County filed a Motion to Stay Discovery pending decision of their respective motions to dismiss (Doc. 20). On August 16, 2017, Plaintiffs filed a Memorandum in Opposition to Smith's and the County's motions to dismiss (Doc. 22) and a Memorandum in Opposition to the motion to stay discovery (Doc. 23). Smith and the County filed their reply briefs on August 23, 2017 (Docs. 24, 25).

On September 5, 2017, Plaintiffs simultaneously filed a unilateral Report of Rule 26(f) Planning Meeting indicating Defendants refused to participate in the Rule 26(f) conference. (Doc. 27) and a Motion for a Status Conference based on the County's refusal to participate as order by the Court (Doc. 28). On September 6, 2017, the Magistrate Judge granted Smith's motion to stay discovery, granted Plaintiffs' motion for a status conference, and ordered the parties to comply with the Rule 26(f) obligations if the County's motion to dismiss was denied. (Doc. 29).

On September 8, 2017, the Magistrate Judge recommended that the claims against Smith and the County be dismissed without prejudice. (Doc. 30). On September 22, 2017, Plaintiffs stipulated to a voluntary dismissal of Smith and the County. (Doc. 31). The undersigned entered an order on September 26, 2017 dismissing the action in its entirety. (Doc. 32). On October 30, 2017, Plaintiffs filed this Motion to Reopen Action, contending the action should not have been dismissed as to the fictitious defendants. (Doc. 33). On November 8, 2017, former Defendants Smith and the County filed a response in opposition to Plaintiffs' motion. (Doc. 34).

**III. Analysis**

Plaintiffs move for this action to be reopened against fictitious Defendant Jailers 1-5, Defendant Medical Professionals 1-10, and Defendant Medical Company. Former Defendants assert this Court does not have jurisdiction over this case because the parties filed a stipulation of dismissal. (Doc. 34). The Eleventh Circuit has explained "that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case

3

upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Anago Franchising, Inc., Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012)(internal citation omitted). As a result, the Stipulation of Dismissal (Doc. 31) entered by the parties in this action dismissed this case against all named parties upon its execution and this Court retains no jurisdiction against those named defendants.

Smith and the County additionally assert that the dismissal of this action against the only named Defendants effectively dismissed this action in its entirety because an action cannot survive against only fictitiously named parties. (Doc. 34 at 3). Plaintiffs did not file a reply or otherwise assert the grounds on which this Court retained jurisdiction over the fictitiously named parties. However, based on Plaintiffs' Motion to Reopen, it is evident that Plaintiffs contend that the Stipulation of Dismissal did not automatically dismiss this action against the fictitious parties, and that the Court's Order dismissing this action was in error. Therefore, this Court understands Plaintiffs' request to "reopen" this action is really a request to rescind its Order dismissing the action in its entirety.[1] In that regard,

---

[1] Plaintiff has made no argument that this action was properly dismissed but should still be reopened for other reasons pursuant to Rule 59(e) or Rule 60(b). As such, an in-depth discussion on those grounds is not warranted. However, former Defendants correctly point out that Plaintiff did not file its motion within the applicable time limitation provided for by Rule 59(e). Further, there are no facts before this Court which would warrant a bonafide reopening of this action pursuant to Rule 60(b)(6) were it properly closed. *See Griffin v. Swim–Tech Corp.*, 722 F.2d

4

Plaintiffs have asserted that the facts of this case falls within the confines of the exception to fictitious party pleadings.

Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citations omitted). A limited exception applies when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (citations omitted). For example, "[g]iving 'general descriptions of others' including the 'duty stations to which they were assigned'" is insufficient to name a fictitious party. *White v. Birmingham, Alabama*, 96 F.Supp.3d 1260, 1281 (N.D. Ala. 2015) (citing *Moulds v. Bullard*, 345 Fed.Appx. 387, 390 (11th Cir. 2009)).

In support of their position, Plaintiffs primarily rely on *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). In *Dean*, a former pretrial detainee brought a *pro se* § 1983 action against the County Sheriff's Department, the County Sheriff, and the County District Attorney. (*Id.* at 1211-12). Dean sought to add as a defendant the "'Chief Deputy of the Jefferson County Jail' – what Alabama calls the Chief Correctional Officer" and the district court denied Dean's request. *Id.* at 1215. On appeal, the Eleventh Circuit held that the district court erred by denying Dean's motion to join the fictitious party. (*Id.* at 1212.) Noting an exception to the general rule, the Court asserted that:

---

677, 680 (11th Cir.1984) (Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that, "absent such relief, an extreme and unexpected hardship will result" (quotations omitted).

5

> [I]t is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual […] without stating his name precisely or correctly."

*Id.* at 1215-16 (citations omitted). In finding that Dean was entitled to the narrow exception, the Court noted, "Dean described with sufficient clarity the head of the Jefferson County Jail as his additional defendant and brought to the attention of the court that Dean had yet to receive Sheriff Bailey's report, which would have provided Dean with the information needed to specifically name the 'Chief.'" *Id.* at 1216. The Court held that plaintiff had provided a description which was all but complete, and characterized the use of the name "John Doe" as being "at the very worst, surplusage." *Id.* at 1215 n.6; *see Richardson*, 598 F.3d at 738 (Dean created "limited exception...when the plaintiff's description of the defendant is so specific as to be 'at the very worst surplusage.'").

In this action, Plaintiffs contend they have presented specific descriptions of the fictitious defendants. (Doc. 33 at 6) (citing *Dean* 951 F.2d at 1216). However, while Plaintiffs have described the positions held by the fictitious parties, these descriptions are general explanations that, without more, are not sufficient to identify "Defendant Jailers 1-5, Defendant Medical Professionals 1-10, and Defendant Medical Company" such that they could be served. As such, Plaintiffs

6

have not sufficiently established that the facts of this action bring this case within the confines of the narrow exception set forth in *Dean*.[2]

Nevertheless, this Court has previously considered whether binding Circuit precedent precludes recognition of an expanded or new exception to the general rule against fictitious party pleading when a Plaintiff simultaneously seeks discovery to identify the fictitious parties at issue. *See Quad Intern., Inc. v. Doe*, 2013 WL 105253 (S.D. Ala. January 7, 2013). After considering binding precedent along with the several opinions from district courts within the Eleventh Circuit, this Court concluded that none of the previous rulings "foreclose[d] the possibility of recognizing an exception, as has been approved in other Circuits, allowing a plaintiff to name fictitious party defendants where discovery is needed to determine the identity of such persons." (*Id*. at *3). This Court further noted that a plaintiff may properly seek early discovery pursuant to Rule 26(d), prior to the completion of the Rule 26(f) conference by court order, and "the situation in which a plaintiff is unable to name any defendant without such discovery appears to be a valid situation in which such relief might be granted." *Id*.

In the instant action, Plaintiffs point out that and in an effort to identify the fictitious defendants, they formally and informally requested information from the Sheriff and the County on at least twenty occasions, to no avail. (Doc. 33 at 7). Additionally, the record reflects that Defendants refused to participate in the Rule 26(f) Report of Parties Planning Meeting prior to the Magistrate's ruling on their

---

[2] In *Dean*, the Court also considered Plaintiff's *pro se* status, a status which is not present in this action.

7

motion to stay, which was granted. According to Plaintiffs, Defendants were additionally served discovery requests on September 7, 2017, to which Defendants did not respond prior the Magistrate Judge's recommendation that this action be dismissed against the Sheriff and the County. (Doc. 33 at 3). Accordingly, it is clear that no discovery has taken place. Further, in the pending motion Plaintiffs "ask the Court to direct the Clerk to reopen this actions so that Plaintiffs may use the subpoena power to compel the Sheriff and the County to identify the fictitious defendants […]. (Doc. 33 at 7).

Under the circumstances that exist in this action, the Court finds that a limited amount of discovery may be warranted and that this action should be re-opened in order for Plaintiffs to file the appropriate discovery motion and potentially engage in limited discovery to ascertain the identities of the enumerated fictitious defendants. Accordingly, Plaintiffs are ordered to file a Motion for Discovery which sets forth the specific discovery they intend to seek and on what persons for the purpose of identifying the fictitious parties at issue. Plaintiffs' motion should sufficiently set forth that the requested information is likely to lead to the identities of "Defendant Jailers 1-5, Defendant Medical Professionals 1-10, and Defendant Medical Company" and should demonstrate that an amendment to the Complaint to name such person in place of the fictitious parties would satisfy the pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Failure of Plaintiffs to properly file a

motion as set forth herein in the time allowed will result in a renewed dismissal of this action in its entirety.

Accordingly, Plaintiffs Estate of Jeffrey West and Kim Ellis' Motion to Reopen Case (Doc. 33) is **GRANTED** in the limited scope set forth in this Order. Plaintiffs are **ORDERED** to file a Motion for Discovery as set forth above by no later than December 27, 2017.

**DONE** and **ORDERED** this 28th day of November, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE